IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SCHAN HALL and SHANTE WILLIAMS, :
                          :
        Plaintiffs,     :
                          :
       v.                :      Civil Action No. 13-1459-RGA
                          :
DELAWARE DEPARTMENT OF    :
CORRECTION,                :
                          :
        Defendant.     :

Schan Hall, Seaford, Delaware and Shante Williams, Millsboro, Delaware; Pro Se Plaintiffs.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware; Counsel for Defendant.

**MEMORANDUM OPINION**

July   , 2015
Wilmington, Delaware

![signature] 
**ANDREWS, U.S. District Judge:**

Plaintiffs Schan Hall and Shante Williams, who proceed *pro se*, filed this complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and the Delaware Discrimination in Employment Act, 19 Del. C. § 710 *et seq.*, alleging employment discrimination by reason of race and sex.[1] (D.I. 1). Hall and Williams, both of whom are female and black, were employed at the Sussex Correctional Institution in Georgetown, Delaware. Presently before the Court is Defendant Delaware Department of Correction's motion for summary judgment and, in the alternative, for dismissal for failure to prosecute and/or severance for trial. (D.I. 31). The court has jurisdiction pursuant to 28 U.S.C. § 1331.

I address the issue of dismissal for Plaintiffs' failure to prosecute this case. Defendant moves for dismissal for failure to prosecute pursuant to Rule 41(b) on the grounds that Plaintiffs have taken no action to prosecute this case since their attorney moved to withdraw from the case in September 2014.

The record reflects that on September 25, 2014, Plaintiffs' attorney moved to withdraw as their counsel indicating that Hall and Williams had discharged him as counsel. (D.I. 24, 25). On the same date, the Court extended deadlines for Plaintiffs and Defendant to disclose expert witnesses. The Court set October 10, 2014 as the date to hear the motion to withdraw, but later canceled the hearing, and reset it for October 17, 2014. (*See* D.I. 27, 28, 29).

---

[1] Plaintiffs were represented by counsel when they initiated this lawsuit.

1

Plaintiffs did not appear at the October 17, 2014 hearing. Nor did Plaintiffs identify expert witnesses by the October 31, 2014 deadline. On February 27, 2015, Defendant filed the instant motion. (D.I. 31). On March 18, 2015, the Court entered an order for Plaintiffs to file an answering brief to the motion by April 8, 2015. (D.I. 34). Plaintiffs did not file an opposition to Defendant's motion.

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. See Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiffs. See Emerson, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, dismissal can be appropriate even if some of the Poulis factors are not satisfied. See Hicks v. Feeney,

850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

The Court finds that the *Poulis* factors warrant dismissal of Plaintiffs' case. First, as *pro se* litigants, Plaintiffs are solely responsible for prosecuting their claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiffs' failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to name expert witnesses may impede Defendant's ability to prepare its trial strategy.

As to the third factor, there is a history of dilatoriness given that Plaintiffs failed to attend the October 17, 2014 hearing, failed to name experts by the Court deadline, and failed to file an opposition to Defendant's motion by the Court deadline. They have simply vanished since their counsel withdrew. As to the fourth factor, because Plaintiffs have taken no action for a lengthy period of time, the Court is unable to discern whether their failure to prosecute is willful or in bad faith, but notes that Plaintiffs failed to respond to the motion for summary judgment and, in the alternative, for dismissal for failure to prosecute and/or severance for trial and they appear to have abandoned their case. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Plaintiffs proceeds *pro se* and, although they paid the filing fee, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the

3

claim, the record reflects that Defendant has provided legitimate, non-discriminatory reasons for terminating the employment of Hall and Williams.[2]

Given Plaintiffs failure to take any action in this case since September 2014, their failure to name experts, and their failure to respond to Defendant's dispositive motion, the Court finds that the *Poulis* factors weigh in favor of dismissal.

For the above reasons, the Court will grant Defendant's motion to dismiss for failure to prosecute and dismiss as moot the motion for summary judgment and/or severance for trial. (D.I. 31).

An appropriate Order follows.

---

[2] Security footage showed that Hall slept while on duty. (*See* D.I. 33, ¶¶ 3-7; D.I. 33-1 at 1-14). Williams, who was a probationary employee, was separated from employment for: (1) a pending disciplinary action; (2) being AWOL on February 18, 2012; and (3) for disrespect and insubordination to her supervisor. (D.I. 33,¶¶ 8-14; D.I. 33-1 at 31). Plaintiffs failed to rebut Defendant's proffered reasons for the termination of their employment. *See Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) (In a Title VII case, a plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action).

4